We'll hear the next case on the calendar, Whitnum v. Town of Woodbridge. You may proceed. L.L. Lee Whitnum, you may proceed. Okay. I'm sorry. I had a problem with the mute button. I'm so sorry. I'm here. Thank you, Your Honors. I may start right now? Yes. You will have four minutes now and then one minute for rebuttal as you request. Okay. Thank you very much for allowing me to address you today. First and foremost of the brief, please just ignore basically pages 11 through 30 because I got a little bit too personal and they're not the meat and potatoes of this case. What I'm asking for these good judges to do is something that the second department had done for me in another case. In that case, Judge Francesca Connolly had completely ignored my cross motion for summary judgment because she claimed I never filed a $45 filing fee, which was absolutely ludicrous because it was a paper case and how did she get those documents? But I went to the second department and I explained that and so what they did is they took my cross motion, they went through the exhibits, very wonderful of them, and they actually ruled it was lack of informed consent and they breathed life into that case and it's still ongoing. A similar thing has happened here. Judge Francesca Connolly, a similar trick, completely ignored my cross motion for summary judgment claiming I have filed a substandard 56A1, 56A2, and 56A3. I am not an attorney. I'm doing the best I can. And so I am asking these good judges, there's four volumes here. In volume three, I have included the cross motion for summary judgment and the exhibits. I am asking you to just please go through that volume and rule on this case. I have 13 causes of action. Some are federal, some are lower. The lower ones were never even looked at or addressed. The federal ones, not with accuracy. And I'm asking $100,000 for each of the causes of action and to rule in my favor on one of them. I really don't want remand because I face nothing but injustice in Janice Hall's courtroom. But if remand is the only choice, I would take remand. But I would prefer to have the second circuit do what the second department did. And I wouldn't ask it except it's happened to me once before. This case, Judge Janet Hall said several lies and the lie of omission is unacceptable behavior. The gravamen of this case rests on whether the protective orders which were based on a bogus ring and run. I never rang someone's doorbell and ran. I don't do such a thing. But the violation of protective order, two counts for my assistant sending two motions to Jane Emmons on the same day, somehow wound up as two violations of protective order. Suddenly I find myself facing 12 years in prison. And my argument to Judge Kraut, to Detective Kraut, the defendant, was the protective order had expired. Your own police agency had administratively closed the case and then it was reopened. A bogus protective order issued but has long since expired. And my assistant did send court documents to Jane Emmons because that's what he's required by statute to do. 10-17, Connecticut General Statutes. So I said to him, I will bring my assistant and I will bring all my paperwork to prove to you by the next morning, that was about three or four in the afternoon. By the next morning, Michael Dierington, who was the former state's attorney, is a good friend of Jane Emmons and her husband, had already issued an arrest warrant. I was never given the opportunity to prove my innocence. The cross motion for summary judgment must be heard on the merits. I have fought so hard in this matter and experienced so much suffering because of the actions of one woman who is no longer judging Connecticut because while she was destroying my life, she was destroying the lives of others by abusing her power. Janet Hall, you're over your time, but you'll have one minute for rebuttal. We'll now hear from Mr. Glass. Good morning, Your Honor. May it please the court. My name is Andrew Glass of Carson and Talberg on behalf of the defendants' appellees, Town of Woodbridge, Robert B. Crowther and Frank P. Cappiello. The district court did not earn granting the defendant's motion for summary judgment as it properly considered all admissible evidence before it in weighing the merits of plaintiff's claims and properly considered and disposed of all causes of action set forth by the plaintiff. Plaintiff's claims that her evidence and argument were ignored is without merit. Judge Hall viewed all facts in the light most favorable to the plaintiff except for facts and denials set forth by the plaintiff that failed to comply with local rule 56A3 as they did not cite to admissible evidence and deemed facts set forth by the defendants as admitted when they were not properly refuted by the plaintiff under the same local rule. Plaintiff's brief and the end of her argument here today is clear that this case is all about her obsession with non-party Judge Jane Emmons. As with her pleasings in the district court, plaintiff's brief and reply focus heavily on the alleged conduct of Judge Emmons, not the purported conduct of these defendants, and that conduct of Judge Emmons the plaintiff complains about cannot be imputed to these defendants and simply claiming that these defendants were doing Emmons bidding without further factual enhancement or support in the record is insufficient for plaintiff to prevail on her claims. And just to address more specifically what plaintiff brought up during her argument here today, the cross-summary motion for summary judgment was not ignored. It was considered along with the defendant's motion for summary judgment and it was denied as a moot as the defendant's motion for summary judgment was granted in its entirety. As to the 13 causes of action, plaintiff sets them forth in her brief and in ours we go through and explain how each of those 13 causes of action the plaintiff claims were addressed on the merits by Judge Hall. And lastly, with respect to the protective order, whether or not it had expired as plaintiff claims at this time, at the time of her arrest is irrelevant for a number of reasons. First, that can only go to plaintiff's false arrest and malicious prosecution claims. She cannot allege favorable termination. She has admitted that she took Connecticut's accelerated rehabilitation program for the charges and that does not constitute a favorable termination such that those charges proceeded against her and that cannot form the basis of a false arrest or malicious prosecution claim. Additionally, as Judge Hall set forth in her well-reasoned opinion, there was ample probable cause for plaintiff's arrest on the charges and she didn't even reach the question of qualified immunity which we had raised as it wasn't necessary given the ample probable cause set forth in the warrant for plaintiff's arrest. If there's no questions from the panel, I will cede the rest of my testimony. Thank you. Thank you. Ms. Whitnum, you will have one minute in rebuttal. There was absolutely favorable termination, A30. The case 57, the stalking charge, which is the only charge that you can base a protective order on, was dropped on A30. Plus, in appendix three, there were three items, 257, 264, and 276, that Janet Hall completely ignored. In there is the proof that the underlying issue had been dropped. Now, John Whelan, there were other charges from another police agency and that needs to be made clear. The stalking charge by Jane Emmons was for the ring and run and the Woodbridge police had administratively closed that case on September 17, 2013. Jane Emmons was so powerful, she then had John Whelan reopen the case, already closed by one agency, get the stalking, pile on charges, get the stalking, the protective order against me and resume prosecution of me for a case already administratively closed. I was a first time offender. In my mid-fifties, a teacher. She was politically motivated. She may or may not have a mental illness. But what is at stake here is how many powerful people did her bidding. The defendants in this case were county cops. Ms. Whitnum, your time is up, but if you will have a sentence to conclude your thought, we would appreciate that. There's at least three lies. She claims that the case was, I provided no proof the case was administratively closed. I did. It's on the record in the police report. I can't be held responsible for a judge who lies on the record, who refuses to see the evidence right in front of her face. And by ignoring 257, 264, and 276, she did me a great injustice. I'm asking this court to go through the cross-motion for summary judgment and the exhibits. I did not have this case heard on the merits. You cannot have the statewide prosecutor. We understand fully your argument, and we appreciate your coming to participate in that argument. The court will reserve decision. Thank you, both parties.